Merton SIMPSON, Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT OF CIVIL SERVICES, George C. Sinnott, Daniel E. Wall, John E. Soffey and Frank S. Abrams, sued in their individual capacities, Defendants–Appellees.

No. 05–1492–CV.

United States Court of Appeals, Second Circuit.

Jan. 9, 2006.

Michael H. Sussman, Sussman Law Offices, Goshen, New York, for the Appellant.

Mariya S. Treisman, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michelle Aronowitz, Deputy Solicitor General,), New York, New York, for the Appellee, of counsel.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Northern District of New York (McCurn, J.) is AFFIRMED.

Plaintiff-appellant Merton Simpson ("appellant") appeals from the district court's entry of judgment for the defendants-appellees (collectively, the "Department") on their motion for summary judgment on appellant's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. Appellant alleges that he was terminated from the Department of Civil Services on the basis of his race and in retaliation for a complaint to the Equal Employment Opportunity Commission

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

("EEOC") and a prior lawsuit against the Department and one of the individual defendants-appellees. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

We review a motion for summary judgment *de novo*, construing all facts and drawing all permissible inferences in the non-moving party's favor. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.,* 315 F.3d 171, 175 (2d Cir.2003). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005).

Appellant contends that the district court erred in holding that he had not established a prima facie case of discrimination under Title VII because the circumstances of his termination did not give rise to an inference of discrimination. The district court rejected appellant's arguments that he was treated less favorably than white employees who were openly critical of management. The district court also found appellant's contentions that the Diggs Rule was only enforced against him lacking. Pursuant to *Collins v. New York City Transit Authority,* 305 F.3d 113, 119 (2d Cir.2002), the court further concluded that the fact that appellant was terminated on the basis of a thorough decision by a neutral hearing officer that appellant was guilty of the charges of misconduct and insubordination was highly probative of the Department's lack of discriminatory motive.

 For substantially the same reasons articulated by the district court, we find that appellant's evidence that white employees who wrote e-mails or memoranda critical of management does not raise an inference of discrimination because the independent hearing officer dismissed the disciplinary charges against appellant with respect to his alleged adversarial and confrontational criticism of management. We also find appellant's assertions with respect to the discriminatory enforcement of the Diggs Rule unavailing. While evidence that similarly situated white employees were treated differently would give rise to an inference of discrimination, *see Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir.2000), appellant has not shown that the other employees were similarly situated in any material respect. *See id.* at 39–41 (explaining that the plaintiff must show that the other employees were similarly situated in all material respects). Appellant does not disclose the identities of those other employees, nor does he provide any indication that they violated the Diggs Rule in an equally serious manner. This failure is fatal to appellant's effort to establish a prima facie case. Because appellant argues that the disparate enforcement of the Diggs Rule shows that the Department's legitimate, non-discriminatory and non-retaliatory reasons for appellant's termination are pretextual, those claims fail for the same reasons.

We also reject appellant's argument that *Collins* is inapplicable because the Department acted in a discriminatory manner by bringing the disciplinary charges against him and not others who violated the Diggs Rule. As noted, appellant has failed to raise an issue with respect to the disparate enforcement of the Diggs Rule. Morever, the disciplinary charges were not solely related to the Diggs Rule. While some of the charges related to the Diggs Rule, others were brought in respect of appellant's excessive absences and failure to comply with direct orders.

Appellant next contends that the district court erred in holding that he had failed to show that retaliation was a substantial or

motivating factor behind his discharge. Appellant relies on the same evidence used to support his discrimination claim, which we reject for the reasons discussed. Appellant also argues that the temporal proximity between his complaint to the EEOC, which asserted that the Department's so-called "Battery Test" had a disparate impact on Black employees, and the Department's subsequent promulgation of regulations prohibiting him and other employees from accessing certain data for non-work-related purposes establishes that the Department's reasons for his termination were pretextual.

 Here, appellant filed his claim with the EEOC in 1997. In December 1998, he became a plaintiff in a § 1983 suit, captioned *Bouldin v. Diggs*, against his supervisors, including defendant-appellee George C. Sinnott, which went to trial on January 22, 2002. In 1999, appellant received his first three disciplinary notices for, among other things, an unexplained five day absence and willful violation of a Department rule, during the pendency of the *Bouldin* action. On March 22, 2000, the EEOC issued a determination that the Battery Test had an adverse impact on protected groups and that evidence suggested that the Department's issuance of a rule prohibiting appellant from accessing certain data except with a supervisor's permission was retaliatory. Appellant received his fourth and final disciplinary notice on December 15, 2000, and he was ultimately terminated on October 10, 2001. While the temporal proximity of these events gives rise to an inference of retaliation for the purposes of appellant's prima facie case, without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 770 (2d Cir.1998) (holding that a strong temporal connection between the plaintiff's complaint *and* other circumstantial evidence is sufficient to raise an issue with respect to pretext).

■ Finally, we reject appellant's challenge to the dismissal of his First Amendment retaliation claim under 42 U.S.C. § 1983. As noted, appellant has failed to bring forward evidence to show that similarly situated employees were treated differently with respect to the Diggs Rule and thus he has not established that his termination was motivated by retaliation on the basis of his protected speech.

We have considered all of appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.